IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

KAREN B. LEWIS, :
:
    Plaintiff, :
:
  VS. :
: 3 : 09-CV-119 (CDL)
MICHAEL J. ASTRUE, :
Commissioner of Social Security, :
:
    Defendant. :

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on October 15, 2009, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the

Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

The Plaintiff filed applications for disability benefits and Supplemental Security Income on February 10, 2005. (T-30). Her claims were denied initially and upon reconsideration. *Id*. A hearing was held before an ALJ in Athens, Georgia on February 12, 2008. (T-779-824). Thereafter, in a hearing decision dated May 19, 2008, the ALJ determined that the Plaintiff was not disabled. (T-27-42). The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner. (T-7-10).

*Statement of Facts and Evidence*

The Plaintiff was forty-seven (47) years of age at the time of the ALJ's decision, and alleged disability since October 1, 2001, primarily due to neck, back, and shoulder pain. (T-44, 785-86). She has a high school education and further education as a medical office assistant, with past relevant work experience primarily as a medical receptionist and medical assistant. (T-795-96, 815). In testimony before the ALJ, the Plaintiff stated that she stopped working due to neck and shoulder pain and underwent a cervical fusion in October 2001. A motor vehicle accident in March 2003 exacerbated her conditions. (T - 785-87). As determined by the ALJ, Plaintiff suffers from severe impairments in the form of cervical spondylosis with bilateral upper extremity radiculopathy; status

post anterior cervical diskectomies at the C4-5 level with arthrodesis at C4-5 and anterior segmental fixation from C4 to C6 in October of 2001; cervical post-laminectomy pain syndrome; migraine headaches; degenerative disc and degenerative facet disease of the lumbar spine; right-sided carpal tunnel syndrome; degenerative joint disease of the left knee; status post non-displaced fracture of the proximal fibula of the left lower extremity in November of 2002; status post bunion surgery of the left foot, with placement of two metallic screws in the first metatarsal bone and residual surgical deformity of the head of the fifth metatarsal bones; and a seizure disorder. (T-32). The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing a limited range of light work activity. (T-33). Although she could not return to her past relevant work, the testimony of a Vocational Expert established that the Plaintiff remained capable of performing other jobs that existed in significant numbers in the national economy and thus was not disabled. (T-41).

## DISCUSSION

*Evaluation of treating physicians' opinions*

The Plaintiff argues initially that the ALJ improperly disregarded the opinions of total disability issued by her treating physicians, Dr. Mark Ellis and Dr. Patricia Benton. Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1). Good cause to discount the opinion of a physician has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were

3

conclusory or inconsistent with their own medical records." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." *Id.*

Treatment records reflect that Dr. Mark Ellis began treating the Plaintiff for intractable headache pain in 2000. (T - 503). In a letter dated October 5, 2002, Dr. Ellis stated that Plaintiff's condition had deteriorated due to "chronic intractable pain in the right upper extremity secondary to failed cervical spine surgery." *Id.* Dr. Ellis concluded that "[i]n my professional opinion, [the Plaintiff] is disabled and unable to return to work and I feel her condition will remain so for the indefinite future." *Id.* In May 2004 and May 2005, Dr. Ellis reiterated his determination of Plaintiff's total disability. (T- 341, 351, 504).

The ALJ reviewed the treatment notes and medical records pertaining to Dr. Ellis' treatment of the Plaintiff but ultimately rejected Dr. Ellis' statement of total and permanent disability for the Plaintiff, finding that:

> Although Dr. Ellis's examinations revealed some objective medical evidence of pain such as signs of muscle spasm, his other findings consistently showed no evidence of objective signs commonly associated with the manifestations of the functional effects of chronic pain such as deteriorating nerve or muscle tissue, or sensory or motor disruption. However, the undersigned acknowledges that the lack of objective proof of the intensity, severity, degree or functional effect of pain is not determinative. The undersigned has also evaluated the disabling effects of the claimant's pain, based solely upon the subjective evidence. Although the claimant is partially credible regarding her subjective pain complaints, the evidence as a whole supports a finding that she is not as functionally limited as alleged.

(T - 39-40).

Plaintiff began pain management treatment at the Suwanee Pain Management Center in 2006,

where Dr. Benton was one of several doctors who provided treatment. On June 2, 2007, Dr. Benton issued a statement regarding Plaintiff's disability status as follows: "[Plaintiff's] disability status is unchanged. She is totally disabled." (T - 626). The ALJ did not address Dr. Benton's specific June 2007 finding regarding the Plaintiff, although the ALJ did consider and discuss the treatment notes originating from Dr. Benton's treatment of the Plaintiff at the Suwanee Pain Management Center. (T - 37).

In order to assign a treating source opinion controlling weight, the treating source opinion on the nature and severity of a claimant's impairments must be well-supported by clinical and laboratory findings and consistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2). Neither Dr. Ellis' nor Dr. Benton's opinion of disability regarding the Plaintiff's condition is supported by objective medical findings. Although Dr. Ellis' treatment notes do reveal some objective signs of pain, most of his treatment notes for the Plaintiff show that the Plaintiff's symptoms were well-controlled on pain medications and that she was allowed to resume normal activity as tolerated following her 2001 cervical discectomy and fusion. (T - 267). Just one day prior to opining that the Plaintiff was completely disabled by intractable pain, Dr. Ellis noted that Plaintiff's medication "greatly reduces her pain and increases her quality of life and ability to function." (T - 362). Subsequent treatment notes from Suwanee Pain Management Center show that the Plaintiff achieved significant pain control and improved quality of life from medication in 2006. (T - 617-25, 667-670). Neither Dr. Ellis nor Dr. Benton point to any specific objective medical evidence in support of their summary opinions of total disability, lessening the weight to be accorded thereto. The ALJ properly considered the objective medical evidence and the opinions of disability issued by Dr. Ellis, as well as the treatment notes and findings issued by Dr. Benton, and thereafter concluded that these opinions were not entitled to controlling weight.

5

*Evaluation of subjective complaints of pain*

The Plaintiff also argues that the ALJ failed to properly consider her subjective complaints of disabling pain. If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *Hand v. Heckler*, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled. However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

Herein, after discussing in detail the Plaintiff's testimony and subjective complaints, the ALJ determined that:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with

> the residual functional capacity assessment for the reasons explained above.

(T - 40).

The ALJ detailed the Plaintiff's medical treatment, including surgery for her back conditions and ongoing pain management, and found that Plaintiff's treatment regimen did not reveal conditions as disabling as alleged by the Plaintiff. Furthermore, treatment notes indicated that Plaintiff's pain was well controlled on her pain regimen. (T - 37, 39). The ALJ specifically noted that Plaintiff stated "that her prescribed medications generally provided good control of her pain, with no adverse side effects and improved her quality of life." (T - 37). The ALJ detailed and properly analyzed the Plaintiff's allegations of disabling pain under the Pain Standard, finding that the Plaintiff's statements regarding the intensity, persistence and limiting effects of her symptoms were not credible to the extent that these statements were inconsistent with the objective medical findings and residual functional capacity assessment established for the Plaintiff.

Thus, the ALJ adequately considered the Plaintiff's subjective accounts of pain and physical limitation, and did so pursuant to the governing rulings and regulations, specifically Social Security Ruling 96-7p. The ALJ also provided adequate and specific reasons for discrediting her subjective accounts, relying on the objective medical record and the findings of treating physicians that conflicted with the Plaintiff's allegations of disabling impairment.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to

Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy.

**SO RECOMMENDED**, this 6th day of January, 2011.

                                                **s/ *THOMAS Q. LANGSTAFF***
                                                **UNITED STATES MAGISTRATE JUDGE**

asb